1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| 13   OAKLEY, INC., a Washington corporation, | Case No. SACV09-00062 JVS (ANx) |
| 14      Plaintiff | |
| 15   vs. | PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF CONFIDENTIAL INFORMATION DURING DISCOVERY |
| 16 | |
| 17   SPENCER GIFTS, LLC, a New Jersey corporation, | |
| 18 | |
| 19      Defendant | |
| 20 | |
| 21 | |

22

23      WHEREAS, it may be necessary or desirable to take discovery of

24 information which is believed to be confidential and proprietary by the holder

25 thereof; and

26      WHEREAS, the parties hereto desire to obtain a protective order to prevent

27 dissemination and unnecessary disclosure of such information on the public record;

28 and

Protective Order

WHEREAS, the parties believe that good cause exists for entry of a protective order in this case as follows:

IT IS HEREBY STIPULATED, subject to the Court's approval, and ORDERED, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings:

1.    Definitions.

(a) "Confidential Information".   For purposes of this Order, "confidential information" means information which the designating party deems to constitute trade secrets or other confidential research, development, or commercial information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.  It shall be the duty of the party who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the information and documents and testimony to be covered hereby, and the duty of any other party or person to maintain the confidentiality thereof under this Order commences with such notice.

(b) "Documents".  As used herein, the term "document" shall have the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any written or graphic matter in any medium and of any type or description upon which information is recorded.

(c) "Pleadings".  As used herein, "pleadings" means, without limitation, the following items: complaint, answers, cross claims, counterclaims, or amendments thereto, orders of the Court, briefs, memoranda, interrogatories and responses thereto, requests for admissions and responses thereto, requests to produce or any other documents and exhibits filed with this Court in connection with this proceeding.

2.    Levels of Confidentiality.  In recognition of the fact there are different degrees of sensitivity for various pieces of information and that it may be

Protective Order

necessary for counsel to show some confidential materials to independent experts and to client representatives in order to prepare the case for trial, there will be two levels of confidentiality hereunder:

(a)   "CONFIDENTIAL   ATTORNEYS   EYES   ONLY"   or "CONFIDENTIAL-CATEGORY 1-ATTORNEYS EYES ONLY" confidential materials shall be disclosed only  to (i) outside counsel of record for a non-designating party, the members of their firm, and their office personnel assisting in the conduct of the case; (ii) authors of and lawful recipients of the Confidential Category 1—Attorneys Eyes Only confidential materials; (iii) other persons with the prior written approval of counsel for the designating party or non-party and with written approval of opposing counsel; and (iv) experts retained to assist counsel in the preparation of the case and their office personnel, provided that the names and employment affiliations of the experts are provided to the disclosing party's counsel at least 10 days in advance of such disclosure so that counsel for the disclosing party may have an opportunity to object to the Court prior to such disclosure, in which case such disclosure shall not occur pending resolution by the Court.

(b)   "CONFIDENTIAL"   or   "CONFIDENTIAL-CATEGORY   2" confidential materials may be shown to persons authorized to review Category 1 documents as well as the parties or their officers, directors, and employees to the extent necessary for the conduct of this action, authors of and lawful recipients of the Confidential Category 2—Attorneys Eyes Only confidential materials and deponents noticed by the parties.

(c)   Each independent expert and other individual receiving confidential information shall be shown a copy of this Order before receiving any confidential materials and shall sign a copy of the Order agreeing to be bound by its terms.  Disclosing counsel shall retain the signed copies of the Order.

3.   <u>Designation of Documents, Pleadings or Things.</u>  Documents, pleadings (or portions thereof) or things produced in the course of discovery herein

(either formally or informally) which the producing party deems to contain confidential information, within the meaning of this Order, shall be designated as confidential by the producing party at the time of production, and copies of documents, pleadings, things or portions thereof deemed to be confidential shall be specifically identified and marked "CONFIDENTIAL", "CONFIDENTIAL - Category (1 or 2)" or "CONFIDENTIAL ATTORNEYS EYES ONLY" by the producing party at the time of production.

4.      Designation of Deposition Testimony.

(a) <u>At the Deposition.</u>  At any deposition session, upon any inquiry with regard to the content of a confidential document, or when counsel for a party deems that the answer to a question will result in the disclosure of confidential information of his client within the meaning of this Order, counsel, at his option, in lieu of taking other steps available under the Federal Rules of Civil Procedure in such situation, may direct that the question and answer be transcribed separately from the remainder of the deposition and be filed in a sealed envelope marked in accordance with paragraph 3 herein. When such a direction has been given, the testimony shall be disclosed only to those individuals specified in Paragraph 2 hereof, and the information contained therein shall not be used for any purpose other than for purposes of this suit.  Counsel for the party whose confidential information is involved may also request that all persons other than the reporter, counsel and individuals specified in Paragraph 2 hereof leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that he need not answer the question.  Each party shall have only one representative attend depositions of another party or third party witnesses.

(b) <u>Subsequent to the Deposition.</u>  Alternatively, parties may, within thirty (30) days after receipt of a deposition or hearing transcript, designate in writing to all parties any pages containing confidential information under

Protective Order

paragraph 2(a) or 2(b) of this Order.  Access to the portion of any transcript so designated shall thereafter be limited in accordance with the terms of this Order.

5.   <u>Good Faith Requirement.</u>  A party shall only classify materials under paragraph 2 of this Order upon a good faith belief that the material contains confidential proprietary information and that classification under paragraph 2 will, in that party's opinion, prevent commercial damage to that party.

6.   <u>Filing with the Court.</u>  Without the written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any documents or things containing designated Confidential Information.  A Party that seeks to file under seal any documents containing designated Confidential Information shall file an application with the court for leave to file papers under seal and said Party must comply with Local Rule 79-5 with respect to said application.  Pending the ruling on any such application, the documents or portions thereof subject to the sealing application shall be lodged with the court under seal.

7.   <u>Restriction on Disclosure.</u> No person or party receiving any document or information designated as confidential under this Stipulated Protective Order shall disclose such to anyone not specified in Section 2 hereof, nor use such for any purpose other than for the purposes of this action (i.e. preparation for trial, trial and any pretrial or post-trial proceeding), without the prior written consent of the designating party or further order of this Court.

8.   <u>Information in Public Domain.</u>  Counsel for a non-designating party shall have the right to assert that any information designated confidential is, in fact, in the public domain.  Any information which, prior to disclosure hereunder, is either in the possession or knowledge of a non-designating party or person who, absent this Order, is under no restriction with respect to the dissemination of such confidential information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as confidential, shall be deemed to be in the

Protective Order

public domain.   A non-designating party or person asserting that designated

information is in the public domain shall, prior to any disclosure (outside of the

parameters of this Order) of such information previously designated confidential,

either obtain the approval, in writing, of the designating party, or the approval of

the Court to make such disclosure.   The non-designating party shall bear the

burden of proof in any proceeding to declassify any information previously

designated confidential.

9.   <u>Relief from Order.</u>  This Stipulated Protective Order is intended to

provide a mechanism for the handling of confidential information and documents

to the disclosure or production of which there is no objection other than

confidentiality. This Order shall be without prejudice to the rights of the parties to

object to the disclosure of information or production of documents it deems

confidential or to bring before this Court at any time the question whether any

particular information is or is not confidential, whether such information is

properly categorized, or whether disclosure at trial in open court is nevertheless

necessary in the interest of justice.   Any party may also move for relief from, or

general   or   particular   modification   of,   the   mechanism   for   maintaining

confidentiality hereunder or the application of this Order in any particular

circumstance.

10.   <u>Term of Order.</u>   This Stipulated Protective Order is intended to

regulate the handling of confidential information and documents during the pretrial

period of this litigation, but shall remain in force and effect and shall survive the

termination of this action. The parties may agree, on the record or in writing, to

waive compliance with a particular term of this Stipluated Protective Order,

subject to their understanding that such waiver does not modify, supersede or

terminate the order itself.  The parties may stipulate to amend by agreement any of

the terms of this Stipulated Protective Order and submit any such stipulated

amendment to the Court for the Court's written approval.

Protective Order

11. <u>Third Parties.</u> To the extent that any discovery is taken of persons who are not parties to this action ("third parties") and in the event such third parties or the parties hereto contend the discovery sought involves confidential proprietary information, then such third parties may agree to be bound by this Order. Third parties who have been subpoenaed to testify or produce documents may designate any deposition testimony or, with the approval of the court, hearing or trial testimony, or document or thing produced by them contains information, which is Confidential information and/or Confidential Attorneys Eyes Only information, and such third parties shall have the same rights and obligations with respect to such information as the parties hereto.

12. <u>No Waiver.</u> The failure to designate information in accordance with this Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose a designation or challenging a designation.

13. <u>Violations of Order.</u> Any party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement, may move the Court for that relief which the affected party believes to be the appropriate relief under the circumstances. Any such motion shall be supported by evidence to verify the claims of the dispute. The parties have stipulated that pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order shall voluntarily discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order. The Court accepts this stipulation as voluntarily binding by and between the parties.

14. <u>Jurisdiction of Court.</u> The Court retains jurisdiction to enforce the provisions of this Stipulated Protective Order and to make such amendments, modifications, and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate during the pendency of the case.

Protective Order

15. <u>Return of Materials.</u>  Within sixty (60) days after final termination of this action, including all appeals, each receiving party shall be under an obligation to assemble and return to the designating party all documentary material or memoranda embodying information still designated confidential, including all copies of such memoranda or documentary material which may have been made. Receipt of such documentary material by the party from whom it emanated shall be acknowledged in writing.

16. <u>Non-Admissibility of Order For Other Purposes.</u> Unless the parties otherwise stipulate, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose.

IT IS SO ORDERED this 15th day of May, 2009.


/s/ Arthur Nakazato

_____

UNITED STATES MAGISTRATE JUDGE

Protective Order

8